UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

SEAN WHITE,                                    :

          Petitioner,                  :

       -against-                        :     **REPORT AND RECOMMENDATION**

SUPERINTENDENT W. LAPE,           :     07 Civ. 11299 (RJH)(KNF)

          Respondent.                 :

------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD J. HOLWELL, UNITED STATES DISTRICT JUDGE

**INTRODUCTION**

Before the Court is Sean White's ("White") pro se petition for a writ of habeas corpus, made pursuant to 28 U.S.C. § 2254 ("the petition"). White contends the state of New York has confined him, unlawfully, because he was deprived of a fair trial when the trial court denied, improperly, his for-cause challenge to a prospective juror, necessitating his use of a peremptory challenge to remove that member of the venire.[1] The respondent opposes the petitioner's application, which is analyzed below.

---

[1] The petitioner asserted, in his application for the writ, three additional grounds for habeas corpus relief: (1) he received ineffective assistance from his appellate counsel; (2) an excessive and harsh sentence was imposed on him; and (3) the trial court failed to instruct the jury to consider the lesser-included offense of third-degree assault, as it considered whether first-degree assault had been proven. However, in his reply to the respondent's answer to the petition, White withdrew the first two grounds, as bases upon which he should be granted habeas corpus relief by the court, and conceded that the third claim was not reviewable.

1

**BACKGROUND**

The petitioner encountered David Thrower ("Thrower") and William Riddick ("Riddick"), in Manhattan, near Lexington Avenue and East 113th Street, on January 18, 2003. Riddick knew the petitioner, as a resident of the neighborhood, but the two were not friends. White asked Thrower "[w]hen is [*sic*] you going to pay me my money?" The petitioner removed his coat, and Thrower approached him. Riddick thought the two were "just clowning around," as they yelled at one another. However, when Riddick looked back toward the men, he observed Thrower "lying on the ground, face-up, and [White] kicking him repeatedly in the head." According to Riddick, White kicked Thrower in the head "close to about twenty times all together." Riddick attempted, unsuccessfully, to revive an unconscious Thrower moments after the incident, and he asked a passerby to summon an ambulance. Police officers, who arrived on the scene, observed Thrower in the midst of a seizure, unconscious, with his face swollen and nose bloodied. Thrower was transported to St. Luke's - Roosevelt Hospital ("St. Luke's") where he slipped into a coma; his respiratory system had to be aided by a ventilator.

On January 29, 2003, Riddick identified petitioner from a lineup; White was arrested and his boots were seized. White was indicted by a grand jury for first-degree assault and attempted second-degree murder. The petitioner proceeded to trial by a jury. During voir dire, counsel to the petitioner inquired of the prospective jurors whether they viewed White's criminal record as something that "would so color their decision process that they won't make a fair verdict on the evidence that they hear." One prospective juror, Aura Lev, informed the court she did not feel she could be fair, after learning White had a criminal record. White's counsel asked the prospective jurors if anyone else agreed with Lev, and one prospective juror, Danielle Lassner

("Lassner") responded positively stating, "it might impact . . . [o]n thinking that if someone has done this it might – in terms of coloring his character." Lassner also stated she would "try to be as fair as possible on this particular case, but I can't assure it won't [have an] impact."

The trial court informed Lassner it was proper for a juror to consider a defendant's criminal record in order "to determine whether or not the person is telling [ ] the truth and for no other purpose." After further instructions from the court, Lassner was asked if she could consider the defendant's criminal record only for his character, and not for criminal disposition, to which she replied "yes." Counsel for the defendant contended Lassner's first answer exposed her true beliefs and lodged a for-cause challenge to remove her from the venire. The court denied the challenge. White removed Lassner from the venire with a peremptory challenge.

White was acquitted of attempted second-degree murder and convicted for first-degree assault. On February 18, 2004, a sentence of eighteen years imprisonment and five years of post-release supervision was imposed on the petitioner. On direct appeal, White argued that the trial court: (1) denied the for-cause challenge of a prospective juror improperly; (2) deprived the petitioner of a fair trial, because it did not instruct the jury to consider the lesser-included offense of third-degree assault during its deliberations; and (3) imposed an excessive sentence, that should be reduced.

The New York State Supreme Court, Appellate Division, First Department, affirmed White's conviction unanimously. People v. White, 29 A.D.3d 457, 816 N.Y.S.2d 416 (App. Div. 1st Dep't 2006). The Appellate Division determined: (1) the trial court "properly denied defendant's challenge for cause to a prospective juror;" (2) "[t]he court properly refused to charge assault in the third degree (Penal Law § 120.00 [1]) as a lesser included offense of assault

in the first degree;" (3) White failed to "preserve his arguments for submission of assault in the third degree under theories of recklessness (Penal Law § 120.00 [2]) or criminal negligence (Penal Law § 120.00 [3]), and [it] decline[d] to review them in the interest of justice;"[2] and (4) "no basis for reducing the sentence" exists.  White, 29 A.D.3d at 457-458, 816 N.Y.S.2d at 417.

The petitioner sought leave to appeal to the New York Court of Appeals, by a letter dated June 9, 2006.  White also submitted a second letter request, dated July 7, 2006, seeking review of claims that the trial court erred by: (a) failing to instruct the jury on the lesser-included offense of third-degree assault, and (b) denying a for-cause challenge.  White's application for leave to appeal to the New York Court of Appeals was denied, on August 17, 2006.  See People v. White, 7 N.Y.3d 819, 822 N.Y.S.2d 494 (2006).  White also made an application for a writ of error coram nobis, on December 6, 2006, alleging ineffective assistance of appellate counsel.  The application for the writ was denied on April 3, 2007.  See People v. White, 2007 N.Y. App. Div. LEXIS 4336 (App. Div. 1st Dep't Apr. 3, 2007).[3]

## DISCUSSION

*Denial of For-Cause Challenge to a Prospective Juror*

An application for a federal writ of habeas corpus, made by a prisoner in custody pursuant to a judgment entered in a state court, may be granted only upon a finding that the prisoner is in custody in violation of the Constitution, laws or treaties of the United States.  See Cousin v. Bennett, 511 F.3d 334, 339 (2d Cir. 2008); 28 U.S.C. § 2254(a).  The Sixth and Fourteenth Amendments to the United States Constitution grant a criminal defendant the right to

---

[2] The Appellate Division noted if it were "to review these claims, [the court] would similarly find no reasonable view of the evidence warranting submission of those lesser included offenses." White, 29 A.D.3d at 458, 816 N.Y.S.2d at 417.

[3] A copy of any unreported case to which citation has been made is being provided to the petitioner with a copy of this Report.  See Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009).

a "trial, by an impartial jury." See U.S. Const. amend. VI; see also Ross v. Oklahoma, 487 U.S. 81, 85, 108 S. Ct. 2273, 2277 (1988). The right to an impartial jury is also grounded on principles of due process. See Irvin v. Dowd, 366 U.S. 717, 722, 81 S. Ct. 1639, 1642 (1961). It is "the State's obligation to the defendant to impanel an impartial jury." Ristaino v. Ross, 424 U.S. 589, 595, 96 S. Ct. 1017, 1020-21 (1976). The "right to an impartial jury carries with it the concomitant right to take reasonable steps designed to insure that the jury is impartial." Ham v. South Carolina, 409 U.S. 524, 532, 93 S. Ct. 848, 853 (1973). One of the most important devices for doing so is the jury challenge, of which there are two types: "'for cause,' where actual bias is admitted or presumed, or 'peremptory,' where bias is suspected or inferred." United States v. Barnes, 604 F.2d 121, 169 (2d Cir. 1979) (internal citation omitted).

 White contends his constitutional right to a fair trial, by an impartial jury, was violated when the trial court denied his challenge to Lassner, for cause. According to the petition, Lassner was "more prone to convict [White] based on her knowledge of [his] criminal past rather than on proof beyond a reasonable doubt." The respondent contends White's claim does not constitute a valid basis for habeas corpus relief, because the prospective juror, whose potential bias he challenged, did not serve on the jury that convicted him.

 A for-cause challenge to a prospective juror, that is denied erroneously, does not result in a constitutional error where, as here, the prospective juror is removed from the venire via a peremptory challenge, and the resulting jury is impartial. See United States v. Martinez-Salazar, 528 U.S. 304, 313-14, 120 S. Ct. 774, 780 (2000); see also United States v. Towne, 870 F.2d 880, 885 (2d Cir. 1989) (internal citations omitted) (using a peremptory challenge to achieve a fair and impartial jury, when for-cause challenge is denied, does not constitute a Sixth Amendment violation). "Any claim that the jury was not impartial, therefore, must focus not on

[Lassner], but on the [impaneled] jurors who ultimately" convicted White.  <u>Ross</u>, 487 U.S. at 86, 108 S. Ct. at 2277.  White does not contend the jury seated for his trial was other than impartial.  Consequently, no Sixth Amendment violation occurred for which White would be entitled to obtain habeas corpus relief.

The record before the Court establishes that White exercised all the peremptory challenges allotted him under New York law.  He does not claim any juror who served on the jury that convicted him was partial or that any New York law was violated in the jury selection process.

To the extent White claims he was forced to exercise a peremptory challenge to excuse Lassner, whom he alleges should have been removed from the venire for cause, he has not articulated a claim of federal constitutional dimension.  This is so "[b]ecause peremptory challenges are a creature of statute and are not required by the Constitution, it is for the State to determine the number of peremptory challenges allowed and to define their purpose and the manner of their exercise.  As such, the 'right' to peremptory challenges is 'denied or impaired' only if the defendant does not receive that which state law provides."  <u>Ross</u>, 487 U.S. at 89, 108 S. Ct. at 2279 (internal citations omitted).  At the conclusion of the jury selection process, both parties advised the court that the selected jurors were satisfactory to them.  As noted above, White does not challenge the impartiality of the jury that served at his trial.  "So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated."  <u>Id.</u> at 88, 108 S. Ct. at 2278.

Based on the record as a whole, the Court finds that White has not demonstrated he is in New York State's custody unlawfully, that is, in violation of his Sixth Amendment right to a fair trial, by an impartial jury.  Accordingly, White is not entitled to habeas corpus relief.

## RECOMMENDATION

For the reasons set forth above, I recommend the petition for habeas corpus relief, Docket Entry No. 1, be denied.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Howell, 500 Pearl Street, Room 1950, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Howell. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F. 3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  
       July 30, 2009

Respectfully submitted,

*Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Sean White  
Alyson J. Gill, Esq.

7