UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WHITE,

                Petitioner,

   -against-                               07 Civ. 11299 (RJH) (KNF)

                                          **MEMORANDUM OPINION
                                                AND ORDER**

LAPE,

                Respondent.

Petitioner objects to the Report and Recommendation ("Report") of Magistrate Judge Kevin N. Fox recommending that the Court dismiss his petition for habeas corpus with prejudice. For the reasons stated below, the Court finds the Report to be a well-reasoned and correct application of the relevant law, and hereby adopts it in full. Petitioner's request for a writ of habeas corpus is denied with prejudice.

## I.    Background

The facts are set forth in greater detail in the Report, familiarity with which is assumed. As is relevant here, petitioner challenges his conviction in New York state court for first-degree assault on the ground that the trial court improperly denied a for-cause challenge to a particular juror, Ms. Lassner, thereby forcing him to use one of his peremptory challenges to remove her from the jury. Petitioner contends that Ms. Lassner should have been removed from the jury for cause because she stated during voir dire that the fact that petitioner had a criminal record "might impact" her consideration of whether he had committed the crime, and that although she would "try to be as fair as possible on this particular case, [she] can't assure it won't [have an] impact." (Tr. 229.) After Ms. Lassner made this statement, a colloquy

ensued between Ms. Lassner and the trial court judge, in which Ms. Lassner was instructed that she could consider defendant's criminal record only to determine whether he was telling the truth but not for other purposes such as concluding that if he committed a crime in the past, he was more likely to have committed the crime in question. (*Id.* at 229-30.) When asked whether she could follow those instructions, Ms. Lassner's responses initially were somewhat equivocal, but when pressed by the trial judge to give a clearer answer to the question of whether she could follow the court's instructions, she ultimately replied "yes." (*See id.* at 230.) Petitioner's trial counsel sought to remove Lassner for cause, alleging that she had not unequivocally indicated that she could be impartial, but the trial court denied that challenge. (*See id.* at 237.) Ms. Lassner did not serve on the jury that was ultimately impaneled; however, petitioner alleges that his constitutional right to a trial by an impartial jury was violated because he had to waste a peremeptory challenge to remove her from the jury. Judge Fox's Report rejected petitioner's challenge, holding that even if the for cause challenge was denied erroneously, such an error would not result in a violation of petitioner's constitutional rights because Ms. Lassner was ultimately removed from the jury by a peremptory challenge and petitioner did not claim that the resulting jury was impartial.[1] (*See* Report at 5-6.)

## II.     Standard of Review

The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face of the record. *See Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). However, the court is required to make a *de novo* determination of those portions of a report to which objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the

---

[1] Judge Fox did not reach any conclusions about whether the trial court's denial of the for cause challenge to Ms. Lassner was proper or not.

2

Report, the record, applicable legal authorities, along with the parties' objections and replies." *Badhan v. Lab. Corp. of Am.*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002). The court may then accept, reject, or modify in whole or in part recommendations of the Magistrate Judge. *See Nelson*, 618 F. Supp. at 1189. If a party fails to object to a report within 10 days of being served with the report, that party waives its right to object, and appellate review of the district court's decision adopting the report, absent unusual circumstances, is precluded. *See United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

### III.   Discussion

The Court has conducted a *de novo* review of Judge Fox's Report, relevant portions of the record, applicable legal authorities and petitioner's objections to the Report. The Court concludes that Judge Fox's Report is a sound and well-reasoned application of governing law to the facts of petitioner's case, and finds no error therein. Nonetheless, the Court will briefly address the objections raised by petitioner to the Report.

First, petitioner argues in his Objections that the state court unreasonably concluded as a factual matter that Ms. Lassner had unequivocally assured the court that she could follow the trial judge's instructions regarding consideration of defendant's criminal record, and therefore erred in denying petitioner's for cause challenge to her participation on the jury. This objection cannot support issuance of a writ of habeas corpus. Under well-established federal law, even if petitioner is correct and the trial court did err—an issue on which the Court offers no opinion—such an error would not provide a basis for overturning petitioner's conviction. Since Ms. Lassner was not ultimately seated on the jury and petitioner has not shown that the resultant jury was impartial, there has been no deprivation of a constitutional right. *See United States v. Martinez-Salazar*, 528 U.S. 304, 313-14 (2000) ("[I]f the

defendant elects to cure [a trial court's erroneous refusal to strike a juror for cause] by exercising a peremptory challenge, and is subsequently convicted by a jury on which no biased juror sat, he has not been deprived of any rule-based or constitutional right."); *Ross v. Oklahoma*, 487 U.S. 81, 88 (1988) ("we reject the notion that the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury. We have long recognized that peremptory challenges are not of constitutional dimension . . . They are a means to achieve the end of an impartial jury. So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated.")

      Second, petitioner contends that Magistrate Fox incorrectly concluded that petitioner's constitutional rights had not been violated because petitioner never alleged that the remaining jury was not impartial, when in fact "this is exactly what [petitioner] alleged in the state courts."  (Objections at 2.)  Petitioner maintains that he alleged that "because of the usage of the peremptory challenge to discharge Ms. Lassner, that this subsequently forced him to exhaust his peremptory challenges and in doing so, this resulted in a jury that was not impartial."  (*Id.*)  However, in order to show that his constitutional rights have been violated, petitioner must actually "*establish* that the jury that eventually convicted him was not impartial."  *Rubin,* 37 F.3d at 54 (emphasis added); *see also United States v. Quinones*, 511 F.3d 289, 306-07 (2d Cir. 2007).  Petitioner cannot prevail merely by alleging conclusorily that the resultant jury was not impartial without pointing to any specific evidence regarding the bias of any of the jurors that would support such a finding.  *See United States v. Brown,* 644 F.2d 101, 105 (2d Cir. 1981) ("A defendant must raise a contention of bias from the realm of speculation to the realm of fact.") (citation omitted).  Here, petitioner neither alleges

4

that any of the twelve jurors impaneled were biased, nor proffers any evidence that would support such a conclusion. In addition, petitioner's contention that he alleged that the resultant jury was not impartial is belied by the record, which reflects that his counsel advised the trial court at the conclusion of the jury selection process that the selected jurors were acceptable to the defense. (*See* Tr. 115; 174; 240-41; 296.) Because petitioner has not established that the jury that convicted him was biased, his Sixth Amendment right to an impartial jury was not violated by the trial court's denial of his for cause challenge to Ms. Lassner, regardless whether that denial was correct or not. *See Martinez-Salazar*, 528 U.S. at 313-14.

## IV.   Conclusion

For these reasons, the Court concludes that petitioner's objections to the Report are without merit, and adopts the Report in its entirety. Petitioner's petition for a writ of habeas corpus is denied without prejudice. The Court further concludes that petitioner has not made a substantial showing of the denial of a constitutional right, and recommends that no certificate of appealability be issued. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole,* 209 F.3d 107, 112 (2d Cir. 2000). The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
April 15, 2010

Richard J. Holwell
United States District Judge